## MICHAEL SHANNON v. EDWARD MINNEY.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON
PLEAS OF SOMERSET COUNTY.

Argued October 16, 1889—Decided November 11, 1889.

(a) In an action of replevin for a cow, the plaintiff showed title under a
bill of sale from one Kennedy, but he had never taken the cow into his
possession. The defendant showed title under a purchase of the cow
from a girl who had been in the service of Kennedy, and who had re-
ceived the cow for such services.

1. There being evidence that Kennedy had told defendant he had sold or
given the cow to the girl for her services; that the girl had performed
the services, and, after Kennedy's death, had sold and delivered the
cow to the defendant, without knowledge on his part of the sale to the
plaintiff,.it was not error to instruct the jury that if they so found the
verdict should be for the defendant.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 219 October Term 1889, Sup. Ct.; court below, No. 118
February Term 1887, C. P.

On January 7, 1887, Michael Shannon brought replevin
against Edward Minney to recover the possession of a cow.
Issue.

At the trial on December 17, 1888, the plaintiff introduced
evidence tending to show that the cow had been owned by
Patrick Kennedy, who on April 16, 1886, sold her, together

with some other personal property, to the plaintiff, executing and delivering to him a bill of sale for the same, but retaining possession of the property with his consent; that Kennedy died on December 26, 1886, and all the property covered by the bill of sale passed into the possession of the plaintiff and was removed by him, except the cow.

The defendant claimed title by a sale from one Lizzie Conway, who had been in the service of Kennedy, and to whom, it was claimed, Kennedy had sold and delivered the cow and some other property, in consideration of her waiting on him and his wife, and serving them during their lifetime. Witnesses testified that the cow was on the premises at the time that Kennedy died; that about a week after his death, Miss Conway removed the cow and sold her to the defendant, and that defendant had no knowledge of the sale by Kennedy to the plaintiff.

The court, BAER, P. J., charged the jury in part as follows:

Now, if Kennedy made such a contract with her, and if she remained on the premises and cared for Kennedy and wife, and took charge of the property, this would be a sufficient delivery to her, she living on the premises. She was to take care of them for life and the property was to be hers; therefore, there was such a delivery as would be sufficient. She was not bound to remove it from the premises, as she lived there herself. So, if there was such a contract, and she performed her part, then she could remove the property after the death of Kennedy and wife, unless by her consent, or by her silence when she should have spoken, some innocent person bought and paid for the property. We repeat this, for it is important. If either by her consent, or by her silence when she should have spoken, some innocent person bought and paid for the property, then she would be estopped from claiming it, because she could not take advantage of anything of the kind. She must neither mislead directly nor indirectly, stand by and say nothing, when by so doing she would mislead.

The person who can allege that he is an innocent purchaser must prove that he bought without knowing of a previous sale to Lizzie Conway, and that he paid a valuable consideration. It is alleged that plaintiff bought in the presence and with the knowledge of Lizzie Conway, under whom the defendant claims,

and that at that time the cow was still in Kennedy's possession and that she remained silent and said nothing about the property having been sold or given to her in consideration of her services. If you find that that is so, that would estop her from claiming the cow now. But there is more in the case than that. The question is, whether it estops Minney. If she stood by in silence, while the cow was sold, that would bar her; but another question arises; and that is, whether Minney, the defendant here, is estopped from setting up title because of the silence of the girl; for he claims under her.

The defendant alleges that Kennedy, while the girl was serving him, and while the cow was on the premises, and before the sale to Shannon, said to or in the presence of the defendant, Minney, that he had sold or given everything he had to Lizzie and that she was to take care of him and his wife—he uses the word " them ; " and he also alleges that she did serve them during their lifetime. A number of witnesses, including the defendant, say that after the death of Kennedy, a week or so after, she took the cow down to Sweitser's, one half mile distant from the premises where the cow had been kept, and sold it to the defendant for $25, and that he then paid her $15 ; and that afterwards, and before he knew that Shannon had a bill of sale or bought at all, he paid her the remainder.

Now, Shannon sets up claim of property through Kennedy. He permitted the property to remain in the possession of Kennedy during his lifetime; he is, therefore, affected by any previous sale made by Kennedy, his vendor, to any person who took possession before possession was had by Shannon, and is also affected by any declarations made by his vendor, Kennedy, previous to the alleged sale to him, and when he still had possession. [Therefore, if the jury find that Shannon never had possession of this cow, and if Kennedy told the defendant that he had sold or given the cow and other personal property to the girl for her services, and if the girl performed the services on the premises, and kept the cow there for a week or more after the death of Kennedy and then took the cow to Sweitser's, one half mile away, and then sold her to defendant without any knowledge on his part of any sale to Shannon, then the plaintiff cannot recover. And in such case the verdict should be for the defendant.] [7]

· The jury returned a verdict for the defendant. Judgment having been entered, the plaintiff took this appeal, assigning as error, inter alia:

7. The portion of the charge embraced in [ ] [7]

*Mr. W. H. Ruppel* (with him *Mr. A. H. Coffroth*), for the appellant.

Counsel cited: Harbold v. Kuntz, 16 Pa. 210; Jordan v. Dutton, 1 Phila. 437; Graham v. Graham, 34 Pa. 475; Larkin's Est., 16 W. N. 541; Willey v. Day, 51 Pa. 51; Ulrich v. Arnold, 120 Pa. 170; Wood's App., 92 Pa. 379.

*Mr. W. H. Koontz* (with him *Mr. John H. Uhl*), for the appellee.

PER CURIAM:

This was an action of replevin in the court below for a cow, worth about $25. The whole question turned upon the ownership of the cow, and as the jury have found it to be in the defendant, upon sufficient evidence, and under proper instructions from the court, there is no more to be said.

Judgment affirmed.